UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC MEYERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PNC FINANCIAL SERVICES GROUP, INC. | )   NOVEMBER 27, 2019 |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiff hereby makes demand for a trial by jury with regard to the statutory claims set forth below and for a jury determination of all damages reserved by said statutes for the jury. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

1.  The Plaintiff, Eric Meyers, resides at 109-1 Boston Post Rd., Old Lyme CT.

2.  The Defendant, PNC Financial Services Group, Inc. ("PNC" or "successor mortgagee") is a bank holding company and financial services corporation with its headquarters at The Tower at PNC Plaza, 300 Fifth Avenue, Pittsburgh, Pennsylvania.

1

3.   The Plaintiff is a consumer as that term is defined under 15 U.S.C. § 1681a.

4.   PNC is a financial institution and furnisher of consumer information pursuant to 15 U.S.C. § 1681s-2.  As a furnisher of consumer information, pursuant to 15 U.S.C. § 1681s-2(b), PNC had certain obligations with regard to investigating and remediating claims from consumers who raised disputes as to information being disseminated to credit reporting agencies.

5.   On or about February 1, 2003, the Plaintiff entered into a loan agreement with National City Bank, located at 6750 Miller Rd. LOC 7120, Brecksville, Ohio to finance the purchase of the sea vessel identified as "Loose Change," LHR32148A292, model year 1992 (hereinafter, the "vessel").

6.   The agreement for financing consisted of a note and preferred ship mortgage from the Plaintiff ("Mortgagor") to National City Bank ("Mortgagee") securing the principal amount of seventy thousand, five-hundred ninety-one dollars and eighty-one cents ($70,591.81) (hereinafter, the "loan agreement"), which proceeds were used in the purchase of the vessel.

7.   On or about October 2008, the Defendant PNC acquired National City Bank and the original mortgagee became a subsidiary of the Defendant.  PNC

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

then owned the note and mortgage and was a successor by merger to National City Bank.

8.   After the merger, PNC became the successor mortgagee to the loan agreement and administered the terms and conditions of the agreement along with all payments.

9.   On or about January-February of 2018, the Plaintiff commenced with strategic financial planning in relation to the purchase of residential real property located at 109-1 Boston Post Rd., Old Lyme, Connecticut (sometimes referred to herein as the "residential property"). The Plaintiff was moving his primary residence from Massachusetts to Connecticut.

10.   The Plaintiff received his initial loan commitment for the purchase of the residential property with Inland Home Mortgage (hereinafter "IHM") on January 19, 2018. Pursuant to instruction from IHM, the Plaintiff then sought to resolve certain outstanding loan obligations to obtain a more favorable debt to income ratio for purposes of meeting the conditions of the loan commitment he had received for the purchase of his home.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

11. Among other debts, IHM identified the loan agreement with PNC as one that needed to be paid off prior to securing financing for the residential property.

12. The Plaintiff's spouse contacted PNC for a final pay-off figure in order to satisfy the full balance remaining on the vessel loan.

13. Ms. Meyers spoke with a representative of PNC who notified her that the remaining balance, with respect to all fees and charges was one-thousand, five-hundred thirty-six dollars and ninety-four cents ($1,536.94).

14. Shortly after being notified of the remaining balance, the Plaintiff made full payment via electronic wire and understood the account to have been closed.

15. A closing was scheduled to consummate the purchase of the residential property on or about March 29, 2018. The portion of the sales price to be financed by the Plaintiff was five-hundred and ninety-five thousand dollars ($595,000.00) and he entered into a mortgage loan agreement with IHM. The financing was characterized by IHM as "non-traditional" in that the Plaintiff had different sources of income outside of wage earnings which would be shown on an IRS Form W-2. The consequence of this non-traditional financing was a higher

4

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

interest rate. The mortgage loan was a thirty (30) year commitment with an interest rate of 6.65%.

16. IHM ran a credit report prior to the closing and found that no claims of delinquency were present. The Plaintiff had a 673 FICO credit score at closing.

17. On or about March 29, 2018, the Plaintiff closed on the residential family property without incident.

18. It had been long-discussed between the Plaintiff and IHM that he would refinance the existing loan on his residential property immediately after closing as the criteria utilized by IHM for the determination of financing had improved significantly in favor of the Plaintiff as compared to the time of his initial mortgage commitment from IHM on January 19, 2018. As early as April 2018, the Plaintiff was eligible for traditional financing through IHM which would result in a significantly lower interest rate.

19. Between March 29, 2018 and May 7, 2018, the Plaintiff had not received any communication from PNC relating to delinquent payments.

20. On or about May 7, 2018, the Plaintiff understood his account with PNC to have been closed after full payment in February of 2018.

21. As of May 2018, the Plaintiff desired to refinance his loan with IHM.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

22. Prior to formally submitting an application, on or about May 7, 2018, the Plaintiff discovered a critical misrepresentation on his credit report from Experian, namely, PNC bank had misrepresented the status of the Plaintiff's account and flagged the loan as sixty (60) days past due.

23. Upon making this discovery, the Plaintiff immediately contacted PNC and had a telephone conversation with Mark Walters of PNC regarding the misrepresentation found on his credit report.

24. During this conversation, the Plaintiff formally registered a dispute with PNC and he obtained a reference number. Mr. Walters confirmed that the information provided to the credit reporting agency was now regarded by PNC as "in dispute."

25. On or about May 9, 2018, the Plaintiff again contacted PNC by telephone and requested intervention from a supervisor or manager in relation to his dispute of the false assertion on his credit report.

26. The Plaintiff had clearly identified to PNC the specific information being disputed, the basis for the dispute and the evidence supporting his position that PNC had misrepresented the status of his account to Experian.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

27. Notwithstanding the Plaintiff's effort to demonstrate to PNC its error and the impact on his credit score, PNC failed to provide any relief in terms of remedying the issue with Experian and/or other credit reporting agencies. Subsequent to the Plaintiff's initial efforts, IHM contacted PNC on behalf of the Plaintiff to make it clear that the false delinquency report was impacting the Plaintiff's bid to refinance the residential loan.

28. In particular, and in regard to the provision of false information to the credit reporting agencies on delinquency of the loan agreement, PNC failed to: investigate the matter, review relevant information, issue an investigative report and/or promptly notify the credit reporting agency to whom to the false information was provided that correction was necessary.

29. On or about June 29, 2018, PNC unequivocally confirmed that the loan agreement/account had in fact been paid in full as stated by the Plaintiff.

30. In following, on July 10, 2018, PNC released and discharged its lien on the vessel and executed a release of mortgage in favor of the Plaintiff.

31. Despite acknowledging its error and releasing the lien, PNC refused to remedy its false communication to the credit reporting agencies.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

32. PNC's failures with regard to correcting its misrepresentations is further pronounced by the fact that PNC affirmatively recognized that the Plaintiff's dispute was substantiated.

33. Despite continued efforts from the Plaintiff and/or his representatives, PNC has maintained its stance with the credit reporting agencies and has failed to formally correct the false report.

34. From May 7, 2018 to present, the Plaintiff has made substantial efforts to refinance his home mortgage with IHM.

35. Representatives of IHM have notified the Plaintiff that his income, ratios and financial criteria have met and continue to meet the requirements for a lower fixed interest rate associated with a more traditional mortgage loan.

36. Representatives of IHM have further notified the Plaintiff that his credit score is the only impediment to a new loan agreement which would be identified as "traditional" and would result in a significantly lower interest rate.

FIRST COUNT: Violation of 15 U.S.C. § 1681n

1-36. Paragraphs 1-36 of the Complaint are realleged and incorporated herein as paragraphs 1-36 of this First Count.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

37. As a furnisher of consumer information, PNC has violated one or more of its duties under 15 U.S.C. § 1681s-2(b) giving rise to a private cause of action under 15 U.S.C. § 1681n.

38. PNC's violations were wilful and/or intentional in that it had confirmed that it had misrepresented a delinquency related to the Plaintiff and took steps to release any claims related to the loan agreement, yet failed to correct the false report with the credit reporting agencies.

39. Knowing of the significant impact upon the Plaintiff's credit score and the fact that it had made a false report, PNC's inaction was inexcusable.

40. The callous and arbitrary manner in which PNC ignored the Plaintiff's dispute and its obligations to cure has caused the Plaintiff to suffer significant harm.

41. The Plaintiff has been unable to refinance the home mortgage on his residential property due to PNC's failure to cure and has additionally suffered the more general economic harm associated with a lower credit score.

42. As a result of PNC's acts and/or omission, the Plaintiff has been caused to suffer economic loss, emotional distress and attorneys' fees.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

SECOND COUNT: Violation of 15 U.S.C. § 1681o

1-36.   Paragraphs 1-36 of the Complaint are realleged and incorporated herein as paragraphs 1-36 of this First Count.

37.   As a furnisher of consumer information, PNC has violated one or more of its duties under 15 U.S.C. § 1681s-2(b) giving rise to a private cause of action under 15 U.S.C. § 1681o.

38.   PNC owed a statutory duty to the Plaintiff and maintained responsibility to investigate the dispute raised by him, investigate the facts and circumstances surrounding the dispute, notify the Plaintiff of its conclusion and to correct any misrepresentations made to the credit reporting agencies.

39.   PNC breached its duty to the Plaintiff by failing to investigate its communications with the credit reporting agencies regarding a claimed delinquency associated with the loan agreement and further by failing to cure the misrepresentations made to the said agencies.

40.   PNC's acts and/or omissions with regard to correcting the issue with the credit reporting agencies was careless and/or in reckless disregard of its obligations relating to providing accurate consumer information.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

41. The Plaintiff has been unable to refinance the home mortgage on his residential property due to PNC's failure to cure and has additionally suffered the more general economic harm associated with a lower credit score.

42. As a result of PNC's acts and/or omissions, the Plaintiff has been caused to suffer economic loss/harm, emotional distress and attorneys' fees.

WHEREFORE, the Plaintiff prays for the following relief:

1. Compensatory Damages;
2. Punitive Damages;
3. Emotional Distress;
4. Attorneys' Fees;
5. Interest;
6. Costs; and
7. Such other relief that the Court determines appropriate.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

THE PLAINTIFF

By: /s/ Bryan P. Fiengo
Bryan P. Fiengo
Fed. Bar No. ct27346
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200, P.O. Box 1591
New London, CT 06320
Tel. (860) 442-4416
Fax (860) 442-0495
Email: bfiengo@sswbgg.com